JOHN BALLARD *versus* THE INHABITANTS OF GREENBUSH.
SAME *versus* SAME.

A bill of exchange, promissory note, or order, made payable to a particular person, which has been paid by one whose duty it was to make the payment, without any right to call upon another party to repay the amount, is no longer a valid contract. It has performed its office, and ceases to have a legal existence.

But this rule does not apply to a bank note, which is not a contract with any particular person, but with any one who may become the bearer or holder of it.

It is only when an assignee has acquired a title through the promisee, that he can insist upon the right to maintain an action in the name of the payee of a paper not negotiable.

Two actions were brought against the town of Greenbush, in the name of John Ballard on town orders, one for the benefit of R. Hutchinson, and the other for the benefit of A. Lang. The orders were of a similar character, and the same principles were involved in the decision in each case. They were therefore treated by the Court as but one.

To support the action, the plaintiff, in one case, read to the jury a town order of which the following is a copy: —

"To Henry Campbell, treasurer of the town of Greenbush, or his successor in that office. Please pay Mr. John Ballard thirty-nine dollars, it being for boarding Mrs. Butler. Greenbush, Sept. 11, 1837.

"Edward Oakes, ⎱ Selectmen of
"M. R. Comstock, ⎰ Greenbush."

The plaintiff then proved a demand of payment, and refusal.

The defendants then introduced a paper of which a copy follows: — " I, John Ballard of Greenbush, certify, that the two suits in my name in the District Court at Bangor, against the town of Greenbush, were brought without my knowledge; that the orders on which said suits were brought were paid by the town of Greenbush to me, while they were in my possession, and that they are not due to me or to any other person; and that I delivered them into the treasurer's office in said

Greenbush after they had been so paid; and that I direct that said suits be dismissed. May 25, 1842. John Ballard."

The plaintiff then proved, that the order had been again, after having been paid to Ballard, delivered over to another person by direction of the selectmen, in payment of a claim against the town, and came into the hands of the plaintiff in interest for value; and that this suit was instituted by him in the name of Ballard for his own benefit. The facts appear in the opinion.

WHITMAN C. J. presiding at the trial, ruled, that if the testimony was believed, the action could not be maintained; and so instructed the jury. The plaintiff filed exceptions.

*Blake* argued for the plaintiff; and

*A. G. Jewett,* for the defendants.

The opinion of the Court was by

SHEPLEY J. — These suits are upon town orders drawn by the selectmen on the treasurer of the town of Greenbush, and payable to the plaintiff. The defendants introduced a memorandum in writing, subscribed by the plaintiff on May 25, 1842, by which he admits, that payment was made to him, while the orders were in his possession, and directs the suit to be discontinued.

Richard Hutchinson, claiming to be the party plaintiff in interest in the suit upon the order made on November 7, 1836, proved, that it was received from the town treasurer, on May 12, 1840, in part satisfaction of an execution in his favor against the town, by an officer, to whom it had been committed for collection. He also proposed to prove by the treasurer, that the order having been paid, he took it from its place of deposit, by direction of the selectmen, and delivered it to the officer in part satisfaction of that execution. The town order was not made payable to the order of the plaintiff, but his name was indorsed upon it in blank.

A bill of exchange, promissory note, or order, made payable to a particular person, which has been paid by one, whose

duty it was to make the payment, without any right to call upon another party to repay the amount, is no longer a valid contract. It has performed its office, and ceased to have a legal existence. *Beck* v. *Robley*, 1 H. Black. 89, note (a); *Mead* v. *Small*, 2 Greenl. 207; *Bryant* v. *Ritterbush*, 2 N. H. R. 212; *Havens* v. *Huntington*, 1 Cow. 387. This rule does not apply to a bank note, which is not a contract with any particular person, but with any one, who may become the bearer or holder of it.

Alexander Lang, who claims to be the party plaintiff in interest in the suit on the order made on September 11, 1837, proved, that this order with others was received from the town treasurer, on May 27, 1840, in payment of executions in his favor against H. Carney, and against Comstock and others. He also offered to prove by the treasurer, that he purchased the order of H. Cargill, deceased, a few days before it was delivered to the attorney of Lang, and that he having been treasurer till the year 1839, had not paid it, and had no knowledge that it had been paid. This testimony, had it been received, would not have been necessarily in conflict with the statement of the plaintiff, who might have received payment of the order during the years 1839 or 1840, before it came to the possession of Cargill. There was no testimony introduced or offered tending to prove, that Lang, or any other person, acquired title to the order through the plaintiff, who was the payee, by delivery or otherwise. And it is only in such cases, that the assignee can insist upon the right to maintain the action in the name of the payee of paper not negotiable.

*Exceptions overruled.*